DAVID HUBBERT
Acting Assistant Attorney General

ALEXANDER STEVKO
TY HALASZ
MATTHEW UHALDE
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Tel. (202) 616-2380 (Stevko)
Tel. (202) 307-6484 (Halasz)
Tel. (202) 353-0013 (Uhalde)
Fax. (202) 307-0054
Alexander.Stevko@usdoj.gov
Ty.Halasz@usdoj.gov
Matthew.P.Uhalde@usdoj.gov

Bryan Wilson
United States Attorney
*Of Counsel*

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. |
| v. | ) |
| WALTER WARD, and VIRGINIA WARD, | ) |
| Defendants. | ) |

**COMPLAINT**

The United States alleges as follows:

Complaint　　　　　1　　　　　**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 353-0013

Case 3:21-cv-00056-JWS   Document 1   Filed 03/08/21   Page 1 of 6

1. This is a civil action to reduce to judgment federal income tax assessments against Defendants Walter and Virginia Ward for tax years 1996 and 1997.

2. This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, under 26 U.S.C. § 7401.

## Jurisdiction and Venue

3. The Court has jurisdiction over this action under 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

4. Venue is proper in the District of Alaska under 28 U.S.C. §§ 1391(b) and 1396 because the tax liabilities at issue accrued in this district and the Wards reside in this district.

## Defendants

5. Defendants Walter and Virginia Ward are a married couple residing in Anchorage, Alaska. Upon information and belief, the Wards reside at 12020 Old Seward Hwy, Anchorage, Alaska 99515. The Wards are named as defendants in this suit because they have unpaid federal income tax liabilities that the United States seeks to collect.

**Claim for Relief: Reduce to Judgment Federal Income Tax Assessments Against the Wards**

6. On July 10, 2000, the IRS issued a Notice of Deficiency to the Wards determining that they owed additional income taxes and penalties for tax years 1996 and 1997.

7. On October 12, 2000, the Wards timely filed a Tax Court petition to challenge the IRS's determination of their 1996–1997 income tax deficiencies. *See Ward v. Commissioner*, No. 010598-00 (U.S. Tax Court).

8. The Tax Court case was set for trial in Anchorage on June 18, 2001.

9. The Tax Court called the case on the trial date, but the Wards did not appear.

Complaint 2

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 353-0013

Case 3:21-cv-00056-JWS   Document 1   Filed 03/08/21   Page 2 of 6

10. On June 11, 2002, the Tax Court entered a decision that the Wards were liable for the additional taxes and penalties stated on the July 10 Notice of Deficiency. The Wards did not appeal, and the decision is now final.

11. On November 25 and December 9, 2002, a duly authorized delegate of the Secretary of the Treasury made timely federal income tax assessments against the Wards, as described in the table below, based on the Notice of Deficiency that the Tax Court sustained.

| Type of Tax | Tax Period | Assessment Date | Amount and Type of Assessment | Outstanding Balance as of March 17, 2021 |
| --- | --- | --- | --- | --- |
| Income (1040) | 1996 | 11/25/2002<br>11/25/2002<br>11/25/2002 | $197,521 – Tax<br>$64,504 – Penalty<br>$110,810.83 – Interest | $101,053.50 |
| Income (1040) | 1997 | 12/09/2002<br>12/09/2002<br>12/09/2002 | $209,127 – Tax<br>$41,825 – Penalty<br>$105,663.96 – Interest | $879,618.23 |
| **Total** | | | | $980,671.73 |

12. The Tax Court entered a final judgment on the merits concerning the Ward's tax liabilities for tax years 1996–1997. Thus, under the doctrine of res judicata the Wards cannot contest this issue. *See United States v. Carter*, 906 F.2d 1375, 1378 (9th Cir. 1990).

13. Pursuant to 26 U.S.C. § 6303, the IRS gave timely notice to the Wards of these assessments and made demand for payment.

14. Despite timely notice and demand for payment, the Wards have neglected, refused, or failed to fully pay the assessments against them.

15. The statute of limitations for collection under the Internal Revenue Code is ten years from the date of assessment, 26 U.S.C. § 6502(a)(1), but is subject to a number of provisions tolling or otherwise extending the ultimate deadline.

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 353-0013

16. Specifically, the collection statute tolls while an offer in compromise (OIC) is pending, 26 U.S.C. §§ 6331(i)(5) & (k), and while a collection due process (CDP) hearing is pending before the IRS, 26 U.S.C. § 6330(e).

17. The statute of limitations for collection of the Wards' 1996 and 1997 federal income tax liabilities was tolled for 392 days while an offer in compromise was pending from December 27, 2002, to January 23, 2004.

18. The statute of limitations for collection of the Wards' 1996 and 1997 federal income tax liabilities was tolled for 265 days while a CDP hearing was pending from July 15, 2003, to April 5, 2004.

19. The statute of limitations for collection of the Wards' 1996 and 1997 federal income tax liabilities was tolled for 396 days while a second offer in compromise was pending from March 5, 2004, to April 5, 2005.

20. The statute of limitations for collection of the Wards' 1996 and 1997 federal income tax liabilities was tolled for 680 days while a third offer in compromise was pending from December 4, 2008, to October 15, 2010.

21. The statute of limitations for collection of the Wards' 1996 and 1997 federal income tax liabilities was tolled for 614 days while a CDP hearing was pending from December 16, 2011, to August 21, 2013.

22. The statute of limitations for collection of the Wards' 1996 and 1997 federal income tax liabilities was tolled for 392 days while a fourth offer in compromise was pending from March 6, 2014, to April 2, 2015.

Complaint　　　　　　　　　　　　　　　　4　　　　　　　　　　　　　　　　**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 353-0013

Case 3:21-cv-00056-JWS   Document 1   Filed 03/08/21   Page 4 of 6

23. The statute of limitations for collection of the Wards' 1996 and 1997 federal income tax liabilities was tolled for 518 days while a fifth offer in compromise was pending from September 23, 2015, to February 22, 2017.

24. Without double counting the days when two tolling periods overlapped, the statute of limitations was tolled for at least 3,034 days in total.

25. Thus, the statute of limitations for collection on the Wards' 1996 and 1997 tax liabilities does not expire before March 17, 2021, at the earliest.

26. Since the dates of assessment described in Paragraph 11, statutory additions have accrued and will continue to accrue as provided by law. As of March 17, 2021, the outstanding balance of the assessments, including accrued interest and penalties, will be $980,671.73.

27. Under 26 U.S.C. § 7402(a), the United States in entitled to a judgment against the Wards jointly and severally for unpaid federal income tax liabilities for tax years 1996–1997 in the amount of $980,671.73 as of March 17, 2021, plus interest and other statutory additions accruing thereafter as provided by law.

## Request for Relief

The United States respectfully requests the following relief:

A. Judgment in favor of the United States and against the Wards for their unpaid federal tax liabilities based on tax years 1996 and 1997 in the amount of $980,671.73, plus interest and statutory additions; and

B. An order awarding the United States its costs in bringing this action, and such other relief as is just and proper.

Dated: March 8, 2021

DAVID HUBBERT
Acting Assistant Attorney General

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 353-0013

*/s/ Matthew Uhalde*
ALEXANDER STEVKO
TY HALASZ
MATTHEW UHALDE
Trial Attorneys, Tax Division
U.S. Department of Justice

Bryan Wilson
United States Attorney
*Of Counsel*

*Attorneys for the United States*

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 353-0013